Chief Justice Robertson
delivered the opinion of the Court.
Wa.X-.teb. SHROPsniRE having died intestate, leaving no children, but a wife and brothers and sisters, his wife applied to the proper county court for administration, and expressed a wish that William A. Withers, a stranger in blo&d to the intestate, might be associated wijh her. Two of the brothers of the intestate, opposed the appointment of Withers and insisted, that one or both of them had a right to precedence. The county court, however, appointed the widow administratrix and Withers administrator, and the only .question now to be decided, is, whether or not the court erred in appointing Withers administrator?
When the wife was appointed administratrix, the right of the brothers was postponed, and they had, so iar, no right to complain. If the right of the wife and that of the brothers, had been equal, the court had a discretion to select any one or more of them. In such a case, the maxim, tiqui prior est tempore potior est jure,” .applies.
If the wife desired the counsel or co-operation of a co-adjutor, the court was not bound to select one of the brothers; such a selection might have frustrated the objects of the wife; and have virtually defeated her 1 right. She was entitled to the administration. The brothers could claim no right to be associated with her; her right was sole and exclusive; and if, at her instance, and for her benefit, the county court thought proper to associate another person with her, the brothers had no right to demand the appointment. The county court might have appointed her alone; and as she was unwilling to be associated with one of the brothers, it may be presumed, that she would have been qualified as sole administratrix rather than to have been connected with any one of them in the administration.
They have, therefore, sustained no injury, and have no caqse for complaint.
Mills and Brown, for plaintiC
Wherefore, the order appointing the widow and Withers, administratrix and administrator,"is approved and affirmed. ~ ™